D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

CASSANDRA MAXWELL,

Defendant.
-------------------------------------------------X

FEUERSTEIN, J.

**ORDER**
07-cr-0516-11 (SJF)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ MAY 17 2012 ★
LONG ISLAND OFFICE

On June 25, 2008, defendant Cassandra Maxwell ("Maxwell") entered a plea of guilty to a lesser included offense of Count One of the Superseding Indictment, charging her with conspiracy to distribute and to possess with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(B)(iii). Docket Entry Nos. 322, 485 at 1. On March 31, 2009, the Court sentenced Maxwell to a term of one hundred eighty-eight (188) months' imprisonment, to be followed by a four (4)-year term of supervised release. Docket Entry No. 322.

Before the Court is Maxwell's pro se motion for a modification of her sentence pursuant to 18 U.S.C. § 3582(c) in light of amendments to the United States Sentencing Guidelines. Docket Entry No. 483. The government opposes the motion, arguing that Maxwell is not entitled to a sentence reduction under Section 3582(c)(2) or U.S.S.G. § 1B1.10 because she was sentenced pursuant to the "career offender" Guidelines. See Docket Entry No. 485 at 1. For the reasons that follow, the Court agrees with the government and finds that Maxwell is ineligible for a sentence reduction. Her motion is therefore denied.

1

I.  Discussion

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)). "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." Id.

In evaluating a request for a sentence reduction pursuant to Section 3582(c), the Court must perform a "two-step inquiry." Id. at 2691. First, the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. at 2692. "The question in [this] context is not what sentence is appropriate, but rather whether the sentence actually imposed should be reduced in light of an intervening retroactive amendment." United States v. Rivera, 662 F.3d 166, 179 (2d Cir. 2011). The Court, however, may not reduce a sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); see also United States v. Malloy, --- F.Supp.2d ----, 2012 WL 603725, at *4 (N.D.N.Y. Feb. 24, 2012). "[W]hether to deny an otherwise eligible defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) is *discretionary*." United States v. Logan, ---

2

F.Supp.2d ----, 2012 WL 616257, at *20 (E.D.N.Y. Feb. 23, 2012) (emphasis in original) (citing cases).

The government argues that Maxwell is not entitled to a sentence reduction because she was sentenced as a "career offender" pursuant to U.S.S.G. § 4B1.1(a)-(b). Docket Entry No. 485 at 2. The government is correct. Both Maxwell's plea agreement with the government and the Presentence Investigation Report ("PSR") correctly concluded that Maxwell qualified as a "career offender" under the Guidelines, see PSR at ¶¶ 15, 97; Docket Entry No. 485, making Maxwell's offense level thirty-four (34), PSR at ¶ 15 (citing U.S.S.G. 4B1.1(b)(B)). After a three (3) level reduction for acceptance of responsibility, Maxwell's total offense level was thirty-one (31). PSR at ¶ 17. Given a criminal history category of VI, the recommended term of imprisonment was one hundred eighty eight (188) to two hundred thirty five (235) months.

It is clear that "a defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines." United States v. Martinez, 572 F.3d 82, 85 (2d Cir. 2009); see also United States v. Mock, 612 F.3d 133, 138 (2d Cir. 2010). Accordingly, the Court finds that Maxwell is ineligible for a sentence reduction.

Further, even if Maxwell was eligible to be resentenced under the recent Guideline amendments, the application would be denied. Upon consideration of all of the Section 3553(a) factors, defendant's criminal history, and the circumstances of this offense, the Court believes that the original sentence of one hundred eighty-eight (188) months' imprisonment and four (4) years of supervised release is appropriate in this case.

3

II.     Conclusion

For the foregoing reasons, Maxwell's motion for a modification of her sentence pursuant to Section 3582(c) is denied.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:   May 17, 2012
         Central Islip, New York